**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARK YEGLARYAN, | No. 09-70844 |
| Petitioner, | Agency No. A099-070-451 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Applicant Mark Yeglaryan petitioned for review of the Board of

Immigration Appeals' decision denying asylum, withholding of removal, and relief

under the Convention Against Torture, as well as his motion to remand and his due

process claim. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition

for review.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Yeglaryan argues that his alleged marriage to a U.S. citizen and his belief that his wife had begun to prepare a visa petition on his behalf, constituted extraordinary circumstances excusing his untimely asylum application. Even assuming we have jurisdiction to consider this issue, Yeglaryan's circumstances were not extraordinary. Marriage to a U.S. citizen is not a circumstance related to an untimely filing of an asylum application. *See* 8 C.F.R. § 208.4(a)(5). Nor would Yeglaryan's belief that his wife was preparing a visa application on his behalf have prevented him from applying for asylum at the same time, *see, e.g.*, *Toj-Culpatan v. Holder*, 612 F.3d 1088, 1090–92 (9th Cir. 2010), particularly since his wife was allegedly working on the visa application for only a portion of Yeglaryan's filing delay. Moreover, the length of Yeglaryan's delay in filing was unreasonable, *see* 8 C.F.R. § 208.4(a)(5); he applied over a year after his visa expired, *Singh v. Holder*, 656 F.3d 1047, 1056 (9th Cir. 2011) (holding that a six-month delay is presumptively reasonable).

Similarly, we conclude that the BIA properly denied Yeglaryan's motion to remand because he could not have established a "prima facie case" of extraordinary circumstances. *Delgado-Ortiz v.Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010). Moreover, Yeglaryan's due process claim also fails for the reasons explained. Although the IJ pretermitted Yeglaryan's opportunity to present

2

evidence regarding his marriage to a U.S. citizen, making the proceeding incomplete and, therefore, unfair, *see Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002); *Colmenar v. INS*, 210 F.3d 967, 971–72 (9th Cir. 2000), Yeglaryan has not shown prejudice, *see Colmenar*, 210 F.3d at 972, since those facts could not have established extraordinary circumstances.

Yeglaryan also argues that he is eligible for withholding of removal. Although Yeglaryan was subjected to offensive treatment, the record does not compel a finding of past persecution under our precedent. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992). While Yeglaryan was arrested and beaten on two occasions, he was never threatened. Though violence coupled with detention can sometimes amount to persecution, this is not always the case, *see Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995), and in cases where we have found persecution the alien was either detained longer than Yeglaryan or death threats were involved. *See, e.g.*, *Ahmed v. Keisler*, 504 F.3d 1183, 1193–94 (9th Cir. 2007); *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004); *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1132, 1134 (9th Cir. 2004); *Salaam v. INS*, 229 F.3d 1234, 1240 (9th Cir. 2000). Furthermore, even though Yeglaryan believes his uncle was killed because of his political opinion, we have previously found persecution based on violence to

family members generally where there were also threats made to the alien, such that the violence to the family was an extension of threats to the alien and "demonstrated that the danger threatened [to the alien] . . . was real." *Baballah v. Ashcroft*, 367 F.3d 1067, 1074–75 (9th Cir. 2004); *see also Mashiri v. Ashcroft*, 383 F.3d 1112, 1120–21 (9th Cir. 2004).

Nor does the record compel a finding of a clear probability of future persecution. Yeglaryan has not shown that the government has a continuing interest in him such that he will be singled out individually if he returns. *See Prasad*, 47 F.3d at 339–40. As the BIA held, his claim that two individuals in civilian clothes visited his former neighbors to inquire about him on two occasions is "too attenuated."

We also lack jurisdiction to consider Yeglaryan's claim that he is entitled to relief under the Convention Against Torture. Since he did not raise this claim in his notice of appeal before the BIA, the BIA properly declined to consider it. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).

PETITION DENIED.